Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
420 Lexington Avenue
Suite 2743
New York, New York 10170
Telephone: (212) 300-5358
Facsimile: (888) 265-7054

*Attorneys for Plaintiff YESH MUSIC, LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

| | | |
|---|---|---|
| YESH MUSIC, LLC, | : | Case No.: |
| | : | |
| Plaintiff, | : | COMPLAINT FOR |
| vs. | : | DAMAGES FOR COPYRIGHT |
| | : | INFRINGEMENTS |
| RHAPSODY INTERNATIONAL, INC., | : | |
| | : | JURY TRIAL DEMANDED |
| Defendant. | : | |
| | : | **ECF CASE** |

-------------------------------------------------------------x

Plaintiff YESH MUSIC, LLC by and through its attorneys at GARBARINI FITZGERALD

P.C., brings this Complaint and Jury Demand against RHAPSODY INTERNATIONAL, INC. for

permanent injunctive relief and damages based on copyright infringement and related claims

pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §101, et seq. ("the

Copyright Act").

    As described in more detail below, Defendant RHAPSODY INTERNATIONAL INC.

has willfully infringed Plaintiff's one hundred and seven (107) registered copyrights identified in

the registration certificates attached as **Exhibit A** hereto, and by this reference incorporated into

this Complaint (the "Copyrighted Compositions"), by including Plaintiff's Copyrighted

Compositions on its interactive subscription internet service without license or authority.

As a result, Plaintiff is entitled to actual damages or, in the alternative, statutory damages in the amount of $150,000 per infringement, but not less than $30,000 per infringement, as available under the law.

## PARTIES

1.      Plaintiff Yesh Music, LLC ("YESH") is a limited liability company organized under the laws of the State of New York, with its principal offices located at 75-10 197th Street, Flushing, New York.  YESH is engaged in, among other things, the business of music publishing and otherwise commercially exploiting the copyrighted sound recordings of the band *The American Dollar*.

2.      Plaintiff is informed and believes, and on that basis avers, that Defendant Rhapsody International, Inc. ("RHAPSODY") is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business at 1420 Fifth Avenue, Suite 1500, Seattle, Washington 98101.  Upon information and belief, RHAPSODY may be served at 500 3rd Street, Suite 460, San Francisco, California 94107, via Legal Counsel, copyright agent, an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive.

## JURISDICTION AND VENUE

3.      The jurisdiction of this Court is based upon 28 U.S.C. §§ 1331 and 1338(a) in that the controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. § 101 et seq.).

4.      Personal jurisdiction over Defendant RHAPSODY is proper in this Court, among other reasons, on the ground that RHAPSODY, through its interactive web-based subscription service, caused the distribution of Plaintiff's Copyrighted Compositions throughout the State of

New York, including within this Judicial District.  Other wrongful conduct alleged herein, occurred, in part, in the State of New York and in this Judicial District.

5.      The Court has personal jurisdiction over Defendant RHAPSODY pursuant to CPLR § 302 (New York's long-arm statute) due to its continuous and systematic business activities within New York as described below.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b) and (c).

7.      Copies of each Copyright Certification are annexed and incorporated hereto as **Exhibit A.**

## Applicable Facts

8.      Plaintiff is the sole beneficiary of all right, title and interest in, and to, the following Copyrighted Compositions:

| Musical Composition | US Registration No. |
|---|---|
| A Few Words | SR0000713230 |
| A Few Words (Ambient) | SR0000713735 |
| A Long Goodbye (2005 Unreleased Bonus Track) | SR0000713763 |
| Age of Wonder | SR0000713231 |
| Age of Wonder (Ambient) | SR0000713737 |
| Age of Wonder (Live) | SR0000677646 |
| Anything You Synthesize | SR0000713287 |
| Anything You Synthesize (Ambient) | SR0000713314 |
| As We Float | SR0000708480 |
| As We Float (Ambient) | SR0000708466 |
| Bump | SR0000713282 |
| Bump (Ambient) | SR0000713301 |
| Call | SR0000713281 |
| Cambian | SR0000708510 |
| Chase | SR0000713291 |
| Chillpoint Break | SR0000708528 |
| Circuits | SR0000713237 |
| Circuits (Ambient) | SR0000713745 |
| Clones | SR0000713238 |

| | |
|---|---|
| Clones (Live) | SR0000677646 |
| Crossing Asia | SR0000708486 |
| Crossing Asia (Ambient) | SR0000708465 |
| Daytrip | SR0000708497 |
| DEA | SR0000713226 |
| Dea (Ambient) | SR0000713303 |
| Equinox | SR0000713239 |
| Equinox (Ambient) | SR0000713747 |
| Escapist | SR0000713278 |
| Ether Channels | SR0000708489 |
| Ether Channels (Ambient) | SR0000708538 |
| Everyone Gets Shot | SR0000708504 |
| Faces In The Haze | SR0000708492 |
| Faces in the Haze (Ambient) | SR0000708494 |
| Faces in the Haze (Film Edit) | SR0000708458 |
| Fade In Out | SR0000713232 |
| Fade in out (Ambient) | SR0000713739 |
| Fade In Out (Live) | SR0000677646 |
| Far Adrift | SR0000708460 |
| First Day | SR0000708490 |
| First Day (Ambient) | SR0000708540 |
| Flood | SR0000713277 |
| Flood (Ambient) | SR0000713752 |
| Friends of Friends | SR0000708477 |
| Friends of Friends (Ambient) | SR0000708463 |
| Frontier Melt | SR0000713276 |
| Glow | SR0000708511 |
| Heavy Eyes Ignite | SR0000708491 |
| Heavy Eyes Ignite (Ambient) | SR0000708473 |
| Intermission | SR0000713283 |
| Intro | SR0000713290 |
| Landing (Ambient) | SR0000713756 |
| Lights Dim | SR0000713284 |
| Lights Dim (Ambient) | SR0000713321 |
| Long March | SR0000713217 |
| Near East (2010 Unreleased Bonus Track) | SR0000713764 |
| Near East (Ambient) | SR0000713755 |
| Oil and Water | SR0000713234 |
| Oil and Water (Ambient) | SR0000713743 |

| | |
|---|---|
| Oil and Water (Live) | SR0000677646 |
| Oracle | SR0000708475 |
| Oracle (Ambient) | SR0000708467 |
| Our Hearts Are Read | SR0000713286 |
| Palestine | SR0000713228 |
| Par Avion | SR0000708493 |
| Par Avion (Ambient) | SR0000708470 |
| Peterson | SR0000713220 |
| Raided By Waves | SR0000713227 |
| Red Letter | SR0000713235 |
| Red Letter (Ambient) | SR0000713746 |
| Rudiments of A Spiritual Life | SR0000708503 |
| Rudiments of a Spiritual Life (Ambient) | SR0000713307 |
| Rudiments of A Spiritual Life (Live) | SR0000677646 |
| Sands | SR0000708461 |
| Second Sight | SR0000713241 |
| Second Sight (Ambient) | SR0000713749 |
| Second Sight (Live) | SR0000677646 |
| Separate But Equal | SR0000713218 |
| Shadows | SR0000713233 |
| Shadows (Ambient) | SR0000713740 |
| Signaling Through The Flames | SR0000708500 |
| Signaling Through the Flames (Ambient) | SR0000713308 |
| Signaling Through the Flames (Film Edit) | SR0000713318 |
| Somnambulance | SR0000708508 |
| Starscapes | SR0000713289 |
| Starscapes (Ambient) | SR0000713297 |
| Starscapes (Part One) (Ambient) | |
| Steeltown (Ambient) | SR0000708541 |
| Steeltown (Part One) | SR0000708536 |
| Steeltown (Part Two) | SR0000708488 |
| Strings | SR0000708487 |
| Strings (Ambient) | SR0000708472 |
| Summer Of War | SR0000713225 |
| Supernova Landslide | SR0000713223 |
| The Slow Wait (Part 1) | SR0000713279 |
| The Slow Wait (Part 1) (Ambient) | SR0000713311 |
| The Slow Wait (Part 2) | SR0000713280 |
| The Slow Wait (Part 2) (Ambient) | SR0000713313 |

| | |
|---|---|
| The Slow Wait (Part One) (Live) | SR0000677646 |
| The Slow Wait (Part Two) (Live) | SR0000677646 |
| The Swamp | SR0000713222 |
| The Technicolour Sleep | SR0000708501 |
| Thompson | SR0000713221 |
| Time | SR0000713224 |
| Time (Ambient) | SR0000713315 |
| Time (Film Edit) | SR0000713319 |
| Tonight, Let's All Make Love In London | SR0000708499 |
| Transcendence | SR0000713285 |
| Transcendence (Ambient) | SR0000713316 |
| Twelve Days Awake | SR0000708514 |
| Underground | SR0000708457 |
| Urbana | SR0000708478 |
| Urbana (Ambient) | SR0000708464 |
| War On Christmas | SR0000708513 |
| We're Hitting Everything | SR0000713288 |
| We're Hitting Everything (Ambient) | SR0000713305 |
| Where We Are (Ambient) | SR0000713759 |

9.      Mr. Richard Cupolo and Mr. John Emanuele, the individuals who owned the master recordings of the Copyrighted Compositions as well as the copyrights in and to the underlying musical compositions, assigned all right, title and interest to each copyrighted work to Plaintiff, and said assignments were duly recorded within the United States Copyright Office.

10.      As **Exhibit A** to this Complaint demonstrates, Plaintiff has complied with all laws pertinent to the Copyrighted Compositions as a copyrighted work and, in particular, has applied for and received the Certificates of Copyright Registration from the Register of Copyrights for the Copyrighted Compositions.

11.      Upon information and belief, Defendant RHAPSODY is in the business of, among other things, offering an interactive subscription music service over the internet.  Upon information and belief, Defendant RHAPSODY has been, and now is, directly infringing, and

indirectly infringing by way of inducing infringement and/or contributing to the infringement of Plaintiff's Copyrighted Compositions, by, among other things, making the Copyrighted Compositions available for unlawful and unauthorized digital download and distribution and/or performance to the public, including at least the (www.Rhapsody.com) website, to distribute music over the internet. Defendant RHAPSODY is thus liable for infringement of Plaintiff's exclusive rights to the Copyrighted Compositions pursuant to 17 U.S.C. §§ 101 et seq.

### The Infringement

12.     Pursuant to Plaintiff's agreement with TuneCore, Plaintiff checks a box that says "Deliver Here" which guarantees nothing but an audition with the selected digital store. Defendant RHAPSODY was one of the "selected stores" chosen by Plaintiff to be sent the master audition recordings of the Copyrighted Compositions.

13.     After receipt of the master audition recordings, Defendant RHAPSODY may elect to exploit the masters, or reject the sound recordings due to "technical or editorial specifications."

14.     As an interactive service under 17 U.S.C. § 114(j)(7) of the Copyright Act, once Defendant RHAPSODY elected to exploit the master recordings, it was obligated to obtain licenses from Plaintiff to perform and distribute both the musical work and the sound recording for each of the Copyrighted Compositions pursuant to 17 U.S.C. §§ 106(4) and 114(d)(3)(C) (2006).

15.     Defendant RHAPSODY did elect to exploit the sound recordings of the Copyrighted Compositions, but elected to do so with no license or authority.  Attached as **Exhibit B** is a chart of the interactive streams for each of the Copyrighted Compositions through Defendant's interactive subscription service.

16.     While Defendant RHAPSODY has purportedly obtained blanket licenses from ASCAP for the performance of the musical works, it has failed to obtain mechanical licenses under 17 U.S.C.§ 115 for the distribution of the musical works.

17.     Defendant RHAPSODY has also failed to obtain any license for the public performance of the sound recordings of the Copyrighted Compositions from Plaintiff. Both of these failures constitutes an infringement of Plaintiff's exclusive distribution and reproduction rights, as provided for in 17 U.S.C. §§ 106(1) and (3) of the Copyright Act.

18.     On May 8, 2014, Defendant RHAPSODY was contacted by Plaintiff and notified that it did not have the authority to distribute Plaintiff's Copyrighted Compositions.

19.     On May 8, 2014, Defendant RHAPSODY acknowledged receipt notice from Plaintiff.  Defendant RHAPSODY elected to ignore that notice.

20.     On June 30, 2014, Defendant RHAPSODY was contacted again, this time by counsel to Plaintiff, and notified of the infringements alleged herein.

21.     By e-mail dated July 14, 2014, from Fran Mady, Esq., Senior Counsel to Defendant, Ms. Mady stated:

> "We received your letter dated June 30, 2014 and are currently working with our agent, the Harry Fox Agency, to investigate the status of the mechanical licenses for the musical compositions listed in the Schedule A of your aforementioned letter."

22.     Plaintiff has no relationship with The Harry Fox Agency, and that entity cannot convey the requisite mechanical copyrights to the Copyrighted Compositions.

23.     At no time has Defendant RHAPSODY ceased the unlawful distribution of Plaintiff's Copyrighted Works, even after multiple notices.

24.     Nor has Defendant RHAPSODY offered to pay the statutory royalty rate for a mechanical license adopted by the Copyright Royalty Board (the very same settlement negotiated with the participation and approval of Defendant.)

### FIRST CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT

25.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

26.     Defendant has without authority from Plaintiff, reproduced and publicly performed and/or publicly distributed sound recordings embodying Plaintiff's Copyrighted Compositions through its interactive web-based subscription streaming service.

27.     Even after multiple notices that Defendant has no license or authority, Defendant has elected to continue to reproduce and publicly perform and/or publicly distribute sound recordings embodying Plaintiff's Copyrighted Compositions through its subscription service.

28.     Upon information and belief, even though Defendant knows it has no license or authority, it attempts to induce the copyright owners to join The Harry Fox Agency, rather than remove the unlicensed works from its service.

29.     The foregoing conduct of Defendant, was, and is, willful and malicious and constitutes intentional copyright infringement in violation of 17 U.S.C. §§ 106, 115 and 501.

30.     As a direct and proximate result of each of the Defendant's infringement, Plaintiff has incurred damages, as described more fully above.  Therefore, Plaintiff is entitled to recover the actual damages suffered by it as a result of the infringement, and any profits of the Defendant that are attributable to the infringement and are not taken into account in computing the actual damages pursuant to 17 U.S.C. § 504(b), or, in the alternative, statutory damages for willful

infringement in the amount of $150,000, but no less than $30,000, for each infringement of each copyright registration identified in Schedule A, as available under the law.

## SECOND CLAIM FOR RELIEF
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

31.    Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

32.    An infringement of Plaintiff's rights in the Copyrighted Compositions occurs each and every time Defendant, without authority from Plaintiff, causes a data file containing the Copyrighted Compositions to be stored or uploaded on any third-party website for viewing by users of the Internet.

33.    An infringement of Plaintiff's rights in and to the Copyrighted Compositions occurred each time a third party, as a result of Defendant's inducement, encouragement and/or assistance, made derivative works from the Copyrighted Composition.

34.    Such an infringement is intentionally induced, facilitated, encouraged and made possible by Defendant.

35.    Through its conduct as averred in this Complaint, Defendant has engaged and continues to engage in the business of knowingly and systematically inducing, causing and materially contributing to the unauthorized reproduction, and/or public performance and/or public distribution of copies of the Copyrighted Compositions and thus to the infringement of Plaintiff's copyrights in and to the Copyrighted Compositions.

36.    The foregoing acts of infringement by Defendant are willful, intentional and purposeful, in disregard of, and in indifference to, Plaintiff's rights.

37.     Defendant's conduct, as averred in this Complaint, constitutes contributory infringement of Plaintiff's copyrights in violation of Sections 106, 115 and 501 of the Copyright Act, 17 U.S.C. §§ 106, 115 and 501.

38.     As a direct and proximate result of the contributory infringements by Defendant, Plaintiff is entitled to compensatory and punitive damages and Defendants' profits pursuant to 17 U.S.C. 504(b) for each separate act of infringement in an amount to be determined.

39.     In the alternative, Plaintiff is entitled to statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000, but not less than $30,000, with respect to each infringement as available under the law.

40.     Plaintiff is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

**FOURTH CLAIM FOR RELIEF**
**PERMANENT INJUNCTION**

41.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

42.     Defendants', and each of them, conduct, as averred in this Complaint, is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money.

43.     Plaintiff has no adequate remedy at law.

44.     Pursuant to 17 U.S.C. § 502, Plaintiff, and each of them, is entitled to a permanent injunction prohibiting further infringements of Plaintiff's copyrights by Defendants.

\

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A.     On Plaintiff's First Claim for Relief, Plaintiff is entitled to recover the actual
damages suffered by it as a result of the infringement, and any profits of the
Defendant that are attributable to the infringement and are not taken into account
in computing the actual damages pursuant to 17 U.S.C. § 504(b).

B.     Plaintiff be allowed to establish Defendant's gross revenue, and the Defendant be
required to prove its deductible expenses and the elements of profit attributable to
factors other than the copyrighted work.

C.     In the alternative, Plaintiff demands statutory damages in the amount of $150,000
per infringement for each Copyright Registration identified in the annexed
**Exhibit A**, but in no case less than $30,000 with respect to each infringement, or
for such other amount as may be proper pursuant to 17 U.S.C. § 504(c);

D.     A permanent injunction prohibiting further infringements of Plaintiffs' copyrights
by Defendants;

E.     For prejudgment interest according to law;

F.     For Plaintiff's attorneys' fees costs and disbursements in this action pursuant to
17 U.S.C. § 505 and 15 U.S.C. § 1117; and,

G.     For such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury of all issues so triable.


Dated: July 14, 2014                          **GARBARINI  FITZGERALD P.C.**

                                   By: _____
                                     Richard M. Garbarini
                                     Richard M. Garbarini (RG 5496)
                                     420 Lexington Avenue
                                     Suite 2743
                                     New York, New York 10170
                                     Telephone: (212) 300-5358
                                     Facsimile: (888) 265-7054

                                     *Attorneys for Plaintiff*